WARREN COUNTY (RAMSEY v.). See Case No. 11,547.

## Case No. 17,205.
### WARRENER v. KANKAKEE COUNTY.
[1 Month. West. Jur. 556.]

Circuit Court, N. D. Illinois. April, 1875.

RAILROAD AID BONDS—DEFENSES—CONSOLIDATION OF RAILROADS—VALIDITY.

[1. In a suit brought on coupons issued by a county for interest on railroad bonds issued by it to aid in the construction of a railroad, the defense interposed was that after the county had voted the bonds, but before actual delivery, the company had consolidated its stocks and franchises with the stock of another railroad corporation, and that said consolidation was invalid because not assented to in writing by all the resident stockholders of the former company, and also because such company had no road constructed, or in process of construction, at the time the latter company was chartered. Held, that the county could not set up this defense in this collateral proceeding, as it had allowed the consolidation, in some form, to take effect, and had allowed the consolidated company to put the bonds in circulation.]

[2. The fact that the right of one company to consolidate under its charter was limited did not deprive it of the right to consolidate under the general laws of the state.]

BLODGETT, District Judge. The suit was brought to recover on eight coupons, for $100 each, issued by the county of Kankakee, for interest maturing July, 1873 and 1874, on railroad bonds Nos. 10, 11, 12, 13, issued by Kankakee county to aid in the construction of the Kankakee & Illinois River Railroad. The bonds purported, on their face, to be in aid of the company, pursuant to the act of the legislature of this state to enable cities, towns, or communities to issue what are commonly known as "railroad aid bonds." The defense interposed was, in substance, that after the county had voted the bonds in aid of the railroads, but before actual delivery, the company had consolidated its stock and franchises with the stock of a railroad corporation in Indiana known as the Plymouth, Kankakee & Pacific Railroad Company; that

said consolidation was invalid because it was not assented to in writing by all the stockholders of the company resident in the state of Illinois, and also because the Kankakee & Illinois River Railroad Company had no road constructed, or in the process of construction, at the time said Kankakee & Pacific Railroad Company was chartered. The court held that the defendant could not collaterally question the validity of the consolidation in the present suit. If it were irregular or illegal, it could only be inquired into by suit in the nature of a quo warranto properly brought by a stockholder for that purpose, and that it did not lie in the mouth of the defendant to question or avoid its liability for its bonds or contracts by attacking the consolidation indirectly. It appeared, from all the pleadings and admitted facts in the case, that there were some objects of the consolidation accomplished; that the consolidation company had in fact succeeded to, and in some manner exercised, the rights and franchises, and used the property, of the original roads from which it was composed. In other words, it became a corporation de facto, and used the franchises and powers which it claimed to exercise, and, while so doing, contracts made with it and rights derived through it would be enforced without inquiring into the regularity of the consolidation itself. It also appeared that the consolidation was made under the general law of this state, and that there was no irregularity, or want of compliance with the provisions of the law, except in the failure to obtain the consent of all the stockholders. It was not claimed that the county of Kankakee itself, the defendant, did not consent, but that all the stockholders did not consent. The county could not set up this defense in its own behalf, in the manner it had attempted to do; for it had lain by and allowed the consolidation, in some form, to take effect, and had allowed the consolidation company to put the bonds in circulation. The bonds had been purchased in the market, and value paid for them; and they were at present, as far as the record showed, held by bona fide holders, who should be protected. The right of the company to consolidate, under its charter, seemed limited; but that did not take away the right from the company to consolidate under the general law of the state, by complying with all the provisions of the law except the one named, which could not be made available in the present case.

The demurrer to the rebutter was therefore sustained.

WARREN INS. CO. (JORDAN v.). See Case No. 7,524.

WARREN INS. CO. (PALMER v.). See Case No. 10,698.

WARREN INS. CO. (PETERS v.). See Cases Nos. 11,034 and 11,035.